IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

    v.                              :          Criminal No. DKC 13-0293

TERRIN TAMAL ANDERSON             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are: (1) a motion to reduce sentence filed by Petitioner Terrin Anderson ("Petitioner") (ECF No. 69); (2) an unopposed motion to seal filed by Petitioner (ECF No. 76); and (3) a motion for leave to file a reply (ECF No. 74).[1]  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to reduce sentence will be stayed pending resolution of *Hughes v. United States*, No. 17-155, 2017 WL 3324822 (U.S. Dec. 8, 2017) in the Supreme Court of the United States, but the related motion to seal will be granted.  Counsel filed a reply, and Petitioner filed his own request to file a reply.  Because further briefing will likely be necessary once *Hughes* is

---

[1] Petitioner, moving *pro se,* filed the initial motion to reduce sentence.  (ECF No. 67).  Counsel was appointed for Petitioner, and counsel filed a reply to the response to Petitioner's motion to reduce sentence and a motion to seal. (ECF Nos. 76, 78).  Petitioner, moving *pro se,* filed the motion for leave to reply.  (ECF No. 74).

decided, the court will accept Petitioner's *pro se* reply as well.

**I.   Background**

On November 26, 2013, Petitioner pled guilty pursuant to Fed.R.Crim.P. 11(c)(1)(C) to one count of distribution of 28 grams or more of cocaine base in violation of 21 U.S.C. § 841 and one count of possession of a firearm in violation of 18 U.S.C. § 922(g).

Paragraph five of the plea agreement is entitled "Advisory Guidelines." It states:

> The Defendant understands that the Court will determine a sentencing guidelines range for this case pursuant to the Sentencing Reform Act of 1984 . . . . The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act . . . and must take into account the advisory guidelines range in establishing a reasonable sentence.

(ECF No. 47 ¶ 5). Paragraph six explains the United States Sentencing Guidelines ("Guidelines") calculations for both counts, the grouping, the reduction for acceptance of responsibility and for a timely notification of intent to plead guilty, and the criminal history.

Paragraph 10, entitled "Rule 11(c)(1)(C)," states:

> The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 144 months imprisonment . . . is the appropriate disposition of this case. This agreement

2

> does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release.

(emphasis added). The plea further states that the parties will "recommend a sentence of imprisonment of 144 months imprisonment" and that the parties could bring to the court's attention any other relevant information. (*Id.* ¶ 11).

On November 4, 2014, Petitioner moved to reduce his sentence pursuant to Amendment 782 to the Guidelines. He was informed that the Public Defender was representing all defendants who were eligible. (ECF No. 68). On December 9, the United States ("Respondent") responded to the *pro se* motion to reduce sentence. (ECF No. 72). On December 31, Petitioner moved for leave to file a reply. (ECF No. 75). On February 26, 2016, Petitioner's counsel filed a reply on his behalf and moved to seal a document. (ECF No. 76).

## II. Motion for Sentence Reduction

Since Petitioner's plea, the United States Sentencing Commission has lowered the Guidelines for drug offenses and made those changes retroactive pursuant to 28 U.S.C. § 994(u). Accordingly, pursuant to 18 U.S.C. § 3582(c)(2), a court can modify "a term of imprisonment *based* on" the previous Guidelines range. § 3582(c)(2) (emphasis added).

The Petitioner argues that "the plea agreement makes plain that [Petitioner] was sentenced based on the Sentencing Guidelines," and, therefore, his sentence should be modified. (ECF No. 78, at 3). Respondent argues that the plea was not based on the Guidelines, and, therefore, Petitioner is not eligible for a reduction. (ECF No. 72, at 2-3).

In a 4-1-4 decision, the Supreme Court examined this issue in *Freeman v. United States*, 564 U.S. 522 (2011). In the United States Court of Appeals for the Fourth Circuit, Justice Sotomayor's concurring opinion is the operative one:

> [I]f a [Rule 11(c)(1)(C) plea] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under [18 U.S.C.] § 3582(c)(2).

*Freeman v. United States*, 564 U.S. 522, 534 (2011) (Sotomayor, J., concurring in judgment); *see United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011) (recognizing Justice Sotomayor's concurrence as "the Court's holding" because it represented the narrowest grounds to support the judgment). "[T]he mere fact that the parties to a [plea] agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment

4

they ultimately agreed upon[.]" *Freeman*, 64 U.S. at 537 (Sotomayor, J., concurring in judgment). Rather, to be eligible for a reduction, a plea agreement must either (1) "call for the defendant to be sentenced within a particular Guidelines sentencing range" or (2) "make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense[.]" *Id.* at 538, 539; *see United States v. May*, 855 F.3d 271, 276 (4th Cir. 2017) (explaining the scenarios where a plea agreement would be eligible for a reduction under *Freeman*).

The Supreme Court has recently granted review of this issue in *Hughes v. United States*, No. 17-155, which presents the question, "Whether, as the four-Justice plurality in *Freeman* concluded, a defendant who enters into a Fed.R.Crim.P. 11(c)(1)(C) plea agreement is generally eligible for a sentence reduction if there is a later, retroactive amendment to the relevant Sentencing Guidelines range." Petition for Writ of Certiorari at ii, *Hughes v. United States*, No. 17-155, 2017 WL 3324822 (U.S. July 27, 2017). A decision in *Hughes* could well affect Petitioner's eligibility for reduction and it makes sense to await the Supreme Court decision which should be rendered by the end of June. Accordingly, the motion to reduce sentence will be stayed pending that decision.

**III. Motion to Seal and Request to File Reply**

Petitioner, through counsel, seeks to seal a document as part of his reply on the sentence reduction issue. The court agrees that the document should remain under seal. *See In re Knight Pub. Co.*, 743 F.2d 231, 236 (4th Cir. 1984). Petitioner, *pro se*, also filed a request to file a reply. As noted above, further briefing will undoubtedly be necessary following the Supreme Court's resolution of *Hughes* and the court will consider all submissions.

**IV. Conclusion**

For the foregoing reasons, the motion to reduce sentence filed by Petitioner Terrin Anderson will be stayed and the motions to seal and to file a reply filed by Petitioner will be granted. A separate order will follow.

/S/
DEBORAH K. CHASANOW
United States District Judge